Victoria L. Weatherford (SBN 267499)
**BAKER & HOSTETLER LLP**
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: vweatherford@bakerlaw.com

Jason A. Orr (SBN 301764)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: jorr@bakerlaw.com

*Attorneys for Defendant*
SIMPLE TIRE LLC



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MURPHY MARTINES, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

SIMPLE TIRE LLC, a Pennsylvania limited liability company,

Defendant.

Case No.: 2:25-cv-06703-AB-JC

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[Filed concurrently with Request for Judicial Notice; Declaration of Victoria L. Weatherford]*

Date: December 5, 2025
Time: 10:00 a.m.
Judge: Hon. Andre Birotte Jr.
Courtroom: 7B

Action Filed: July 23, 2025

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 5, 2025 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 7B, before the Honorable André Birotte Jr., United States Judge for the Central District of California, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant SIMPLE TIRE LLC ("Simple Tire") will, and hereby does, move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff MURPHY MARTINES's ("Plaintiff") Complaint on the grounds that Plaintiff has failed to state facts sufficient to make out a claim for which this Court can grant relief.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings, records and files in this action, those matters of which this Court may take judicial notice, and on such further evidence and argument as may be presented prior to or at the time of hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 18, 2025.

Dated: September 25, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford
Jason A. Orr

*Attorneys for Defendant*
SIMPLE TIRE LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 7
II. BACKGROUND ........ 8
III. LEGAL STANDARD ........ 9
IV. ARGUMENT ........ 10
A. Plaintiff Lacks Standing to Bring Claims under CPIA or the UCL ........ 10
1. Privacy Injuries ........ 10
2. Loss of Value in Information ........ 15
B. Plaintiff's CIPA Claim Fails as a Matter of Law ........ 16
1. The Website Does Not Use a "Pen Register" or "Trap and Trace Device" ........ 16
2. Plaintiff Does Not Allege Scienter ........ 19
C. Plaintiff's UCL Claim Fails as a Matter of Law ........ 20
1. Plaintiff Fails to Allege a Violation of the CCPA ........ 20
2. Plaintiff Has Not Alleged a Fraudulent Practice ........ 21
3. Plaintiff Has Not Alleged an Unfair Practice ........ 22
V. CONCLUSION ........ 22

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 9, 11

*Aviles v. LiveRamp, Inc.*,
No. 24STCV19869, 2025 WL 487196 (L.A. Super. Ct. Jan. 28, 2025)........ 19

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) ........ 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 9, 11

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011)........ 14

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 18

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)........ 17, 18

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ 13

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) ........ 15

*Hartley v. Urb. Outfitters, Inc.*,
2024 WL 3445004 (E.D. Pa. July 17, 2024)........ 14

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) ........ 12

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023)........ 19, 20

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009)........ 10, 13

*Hubbard v. Google LLC*,
No. 19-cv-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024)........ 12, 15

*In re Actimmune Mktg. Litig.*,
No. C 08-02376 MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009)........ 22

*In re Facebook Inc., Consumer Privacy User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) ........ 15

*In re Google, Inc. Priv. Pol'y Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ........ 13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) .......... 12

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......... 13

*Jones v. Peloton Interactive, Inc.*,
720 F. Supp. 3d 940 (S.D. Cal. 2024) .......... 12

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 11

*Khamooshi v. Politico LLC*,
No. 24-CV-07836-SK, 2025 WL 1408896 (N.D. Cal. May 13, 2025) .......... 12

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 21

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 10

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (L.A. Super. Ct. Mar. 13, 2024) .......... 19

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 13, 15

*Mirmalek v. L.A. Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) .......... 18

*Moody v. C2 Educ. Sys. Inc.*,
742 F. Supp. 3d 1072 (C.D. Cal. 2024) .......... 18

*Morilha v. Alphabet Inc.*,
No. 24-cv-0279-JST, 2024 WL 5205542 (N.D. Cal. Dec. 23, 2024) .......... 13

*Popa v. Microsoft Corp.*,
No. 24-14, 2025 WL 2448824 (9th Cir. Aug. 26, 2025) .......... 13, 14

*Punian v. Gillette Co.*,
No. 14-cv-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .......... 22

*Rodriguez v. Autotrader.com, Inc.*,
762 F. Supp. 3d 921 (C.D. Cal. 2025) .......... 11

*Rodriguez v. Fountain9, Inc.*,
No. 24STCV04504, 2024 WL 3886811 (Cal. Super. Ct. July 9, 2024) .......... 10

*Romero v. Securus Techs., Inc.*,
331 F.R.D. 391 (S.D. Cal. 2018) .......... 19

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008) .......... 14

*Schnall v. Hertz Corp.*,
78 Cal. App. 4th 1144 (2000) ........ 21

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir.1985) ........ 21

*Shah v. Cap. One Fin. Corp.*,
No. 24-cv-05985-TLT, 2025 WL 714252 (N.D. Cal. Mar. 3, 2025) ........ 16, 18

*Shah v. Fandom, Inc.*,
No. 24-cv-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ........ 18

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 9

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........ 21

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........ 9, 10

*U.S. v. Forester*,
512 F.3d 500 (9th Cir. 2008) ........ 12

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ........ 11

**Statutes**

Cal. Bus. & Prof. Code § 17204 ........ 10
Cal. Penal Code § 20 ........ 19
Cal. Penal Code § 631(a) ........ 18
Cal. Penal Code § 638.50 ........ 18
Cal. Penal Code § 638.51 ........ 17, 18, 19
Cal. Penal Code § 638.51(a) ........ 16
Cal. Penal Code §§ 638.52 ........ 17, 18
Cal. Penal Code §§ 638.52(d)(1) ........ 16
Cal. Penal Code §§ 638.52(d)(2) ........ 16
Cal. Penal Code §§ 638.52(d)(3) ........ 16
Cal. Penal Code §§ 638.53 ........ 18
Cal. Penal Code § 647.2(a) ........ 10
Civ. Code § 1798.100 ........ 20
Fed. R. Civ. P. 9(b) ........ 21, 22

Baker & Hostetler LLP
Attorneys at Law
San Francisco

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Murphy Martines alleges that Simple Tire's use of website "trackers"—a lawful and commonplace technology—constitutes an illegal "pen register" device under the California Invasion of Privacy Act ("CIPA"). He also alleges that Simple Tire's unremarkable and fully disclosed data collection practices somehow constitute a violation of California's Unfair Competition Law. His claims under either statute fail.

First, Plaintiff does not adequately allege an injury as required to establish statutory standing under either CIPA or the UCL. The Complaint does not provide *any details whatsoever* about *his particular* visit to Simple Tire's Website—that is, where he navigated, what pages he viewed, how he interacted with the Website, or what personal information of his was allegedly collected during his visit. Plaintiff's general allegations about how the technologies at issue work and how the adtech ecosystem profits from such technology, without more, do not plausibly allege Plaintiff suffered an actionable injury by Simple Tire.

Second, Plaintiff does not plead a viable claim under CIPA. The routine data collection that Plaintiff alleges does not amount to a "pen register" or "trap and trace device" as those terms are defined under CIPA. In fact, Plaintiff's application of "pen register" to website cookies directly contradicts CIPA's plain text and legislative history, and is rejected by case law. A pen register involves the recording of telephone numbers associated with incoming calls and does not extend to software embedded on a website. Moreover, accepting Plaintiff's strained reading of CIPA would have vast and harmful public policy implications: the very function of the Internet relies on the exchange of information from a web user's browser to a website, and Plaintiff's interpretation of CIPA would make criminal such exchanges that take place billions of times each day. Plaintiff has not adequately alleged such a violation or the criminal intent required to commit such a violation.

Third, Plaintiff does not plead a viable claim under any of the three prongs of the UCL. He does not plead a violation of CIPA, or any unlawful conduct that would violate the California Consumer Privacy Act ("CCPA"), so his claim under the "unlawful" prong fails. He also does not plead fraud with particularly as required to state a claim under the "fraudulent" prong. And without any independent basis for a claim under the "unfair" prong, his claim of unfair conduct fails as well.

Because Plaintiff has failed to state any claim upon which relief can be granted, his Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II. BACKGROUND

The relevant facts are straightforward: Simple Tire operates a website at www.simpletire.com (the "Website"), where customers can find local shops, browse inventory, and place orders for automobile tires. Compl. ¶¶ 1, 19. Plaintiff alleges he visited the Website on April 9, 2025. *Id.* ¶ 16. The Website employs a number of commonplace tools used to analyze user activity on the Website and provide analytics for marketing campaigns. Plaintiff specifically alleges that the Website uses three different "tracking technologies": Google Ads/Doubleclick, Facebook Pixel, and Bing/Microsoft Ads Tracker. *Id.* ¶ 6.

Plaintiff alleges these website tools (also known as "cookies") are illegal "pen registers and/or trap and trace devices" because they instructed Plaintiff's browser to send its IP address and other device information (such as screen resolution, operating system, browser type, and language settings) to third parties, namely Google, Facebook, and/or Microsoft. *Id.* ¶¶ 36–37, 45, 74. Plaintiff alleges this information can be used to "track user progression through various transactional flows" and make inferences about device location or customer preferences. *Id.* ¶¶ 48, 75. In other words, Simple Tire uses these "trackers" for legitimate business purposes such as advertising, analytics, and social media integration.

Although the Complaint contains many general allegations about how website trackers function, it is sparse on allegations specifically pertaining to Plaintiff.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Critically, there are no allegations about which "trackers" were installed on Plaintiff's device, or what information of his was collected. He does not say what device or web browser he used to access the Website, or what his browser settings at the time were—many of which are set by default to automatically accept website cookies and other tracking technology. He does not provide any details of his experience on the Website, such as what pages he browsed or if he made a purchase, created an account, or communicated with a Simple Tire representative via the Website. He simply alleges that the challenged technologies "were designed to capture" various types of information. *Id.* ¶ 116. He alleges that Simple Tire and the third parties use this information for "digital fingerprinting" and to "de-anonymize users over time," *id.* ¶¶ 46–48, 68, but he does not allege that he was de-anonymized at any point.

## III. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible only if the plaintiff alleges enough facts to support a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Furthermore, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

# IV. ARGUMENT

## A. Plaintiff Lacks Standing to Bring Claims under CIPA or the UCL

The Complaint does not allege any facts that constitute a cognizable injury under either CIPA or the UCL. CIPA provides a private right of action only to individuals who have been "injured by" a violation of CIPA. Cal. Penal Code § 647.2(a). California courts have interpreted this language to mean that plaintiffs must "allege a concrete injury-in-fact" in order to state a claim under CIPA. *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 3886811, at *4 (Cal. Super. Ct. July 9, 2024). Similarly, the UCL provides a private right of action only to an individual who "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Plaintiff attempts to plead injury in two ways: first, as a violation of privacy rights; and second, as a "misappropriation-like injury" related to Simple Tire's alleged "monetization" of data collected from his device(s). Compl. ¶¶ 14, 59. Neither of these theories is supported by the facts alleged in the Complaint, and neither satisfies the requirements of statutory standing under the CIPA or UCL in any event.

### 1. Privacy Injuries

Plaintiff alleges that Simple Tire's alleged misconduct constitutes a "violation of a legally protected privacy interest," noting that "[i]nvasions of privacy have long been actionable under common law." *Id.* ¶ 33. But Plaintiff has neither alleged a claim for invasion of privacy nor provided any facts that would support such a claim. Whatever "privacy interest" is at stake here would not be cognizable in tort. Under California law, a claim for invasion of privacy requires both "a reasonable expectation of privacy" and a "serious invasion" of a protected privacy interest that is "highly offensive." *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009). Plaintiff's Complaint has alleged neither. Moreover, the "mere misappropriation of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

personal information" is insufficient to establish a loss of money or property under the UCL. *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 943–44 (N.D. Cal. 2023) (collecting cases).

First, Plaintiff has not alleged facts that establish a reasonable expectation of privacy in the data his device(s) may have sent to Simple Tire when he visited the Website. As an initial matter, Plaintiff does not identify *any* information of his that Simple Tire or its website "trackers" allegedly collected. This plainly fails to satisfy the *Twombly/Iqbal* standard, which requires Plaintiff to provide *facts* to support his conclusory assertion that he suffered some privacy injury. Plaintiff merely alleges the date he visited the Website (April 9, 2025), without alleging that he entered any search terms, submitted data, made a purchase, or meaningfully engaged with the Website in any way. *See* Compl. ¶ 16. Neither does Plaintiff allege he was identified, targeted, or otherwise personally affected by the alleged tracking. This omission is dispositive. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) ("[P]laintiffs must … show that they *personally* have been injured." (emphasis added)).

Even if any of his information was collected, "[n]ot all information will qualify [as an injury if disclosed]; the information must be sufficiently personal or sensitive that its disclosure is harmful." *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 926–27 (C.D. Cal. 2025). There is nothing personal or sensitive about viewing web pages of car tires. The Complaint fails to otherwise explain how visiting a public website would be private or personal. Plaintiff generally alleges that the Website collects "IP addresses, browser and device type, screen resolution, operating system, pages visited, session duration, scroll depth, mouse movements, click behavior, referring URLs, unique identifiers (such as cookies and ad IDs), and geolocation based on IP." Compl. ¶ 9; *see also id.* ¶¶ 9, 70, 78, 98, 101, 104. But courts recognize data such as this is benign: "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, <u>and a reasonable user</u>





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

should expect as much." *Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (emphasis in original) (collecting cases holding that tracking cookies serve legitimate business purposes and that users do not have reasonable expectations of privacy in the information contained in those files). For this reason, courts routinely dismiss cases involving the same sorts of information at issue here, finding no reasonable expectation of privacy in the information that a plaintiff's device "automatically send[s] … to the website's server as part of the communication process." *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 1408896, at *3 (N.D. Cal. May 13, 2025) (citing *U.S. v. Forester*, 512 F.3d 500, 510 (9th Cir. 2008)); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020)) (no expectation of privacy where third-party trackers collected browser and device data, IP address, and other information); *Jones v. Peloton Interactive, Inc.*, 720 F. Supp. 3d 940, 950–51 (S.D. Cal. 2024) (granting motion to dismiss because there is no legally protected privacy interest in the contents of Internet-connected chats with defendant where plaintiff did not allege he shared any sensitive and confidential information and instead vaguely alleged a chat could include private or sensitive information).

That the Complaint alleges that "[p]ublic IP addresses … can be used to determine device's physical location through geolocation services," Compl. ¶ 40, does not move the needle. Even if the Website can infer the user's generalized location, courts have found no reasonable expectation of privacy in that information. *See, e.g.*, *Heeger*, 509 F. Supp. 3d at 1193 (holding no reasonable expectation of privacy where plaintiff only made bareboned and vague allegations that Facebook collected imprecise location data); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019) (users had no reasonable expectation of privacy in their geolocation while using the website of the defendant company).

Second, Plaintiff still has not alleged facts that, if true, would show a "serious invasion" of privacy, which typically involves the collection of sensitive, personal,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and private facts the disclosure of which is "highly offensive" to a reasonable person. While the "highly offensive" determination is context specific, courts agree that the alleged invasion must be "sufficiently serious and unwarranted as to constitute an egregious breach of the social norms." *Hernandez*, 47 Cal. 4th at 295. What Plaintiff describes in the Complaint is "routine commercial behavior" that courts have repeatedly held does not constitute a serious invasion of a protected privacy interest. *See Morilha v. Alphabet Inc.*, No. 24-cv-0279-JST, 2024 WL 5205542, at *4 (N.D. Cal. Dec. 23, 2024) (disclosure of IP addresses and geolocation insufficient to state claim for invasion of privacy); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1089 (N.D. Cal. 2022) ("[D]ata collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy."); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (disclosure of users' browsing history not a "serious invasion"); *In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) (collection of browsing histories "[does] not plausibly rise to the level of intrusion necessary to establish an intrusion claim"); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (finding no egregious breach of social norms in data collection of unique device identifier number, personal data, and geolocation information from plaintiffs' devices, "[e]ven assuming this information was transmitted without Plaintiffs' knowledge and consent").

The Ninth Circuit in *Popa v. Microsoft Corp.*, No. 24-14, 2025 WL 2448824 (9th Cir. Aug. 26, 2025), very recently reaffirmed that allegations of commercial tracking of website interactions are not even "remotely similar to the 'highly offensive' inferences or disclosures that were actionable at common law," and that monitoring visitor interactions on a company's website "seems most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales," which is *not* highly offensive. *Id.* at *5 (affirming motion to dismiss allegations of privacy violations from visiting a pet

supply website, including allegations that plaintiff's street name and pet-store preferences were collected).

The data collection practices alleged in the Complaint—even if done for the purpose of advertising—are akin to this kind of commonplace commercial behavior, like a department store measuring the foot traffic in each department, or a grocery store linking purchase habits to customers' phone numbers. This is not the sort of conduct that has been "actionable under common law," Compl. ¶ 33; *see Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) ("Here, the supposed invasion of privacy essentially consisted of [Defendant] obtaining plaintiff's address without his knowledge or permission, and using it to mail him coupons and other advertisements. This conduct is not an egregious breach of social norms, but routine commercial behavior."). In fact, courts have found no invasion of privacy when far more sensitive data was allegedly collected and disclosed. *See, e.g.*, *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (alleged disclosure of Social Security Numbers "do[es] not constitute an egregious breach" of social norms).

Simply put, Plaintiff's allegations are too sparse, vague, and speculative to establish a violation of a genuine privacy interest. The Complaint simply describes what "tracking technology" does *in general* without making any connection to Plaintiff in this case and his experience when accessing Simple Tire's Website. What the trackers *may* be capable of collecting does not sufficiently establish what they actually collected from Plaintiff, if anything. *See e.g.*, *Popa*, 2025 WL 2448824, at *5 ("To the extent Microsoft's tracking software *could* be offensive in particular circumstances (e.g., involving sensitive medical or financial information), [plaintiff] does not plausibly allege the infringement of any such privacy interest."); *Hartley v. Urb. Outfitters, Inc.*, No. 23-cv-4891, 2024 WL 3445004, at *7 (E.D. Pa. July 17, 2024) ("[A]llegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected."). Absent



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

a meaningful connection between the trackers, data brokers, and Plaintiff's own information that was allegedly collected, these newly added allegations remain conclusory and fail to establish a cognizable privacy injury sufficient to confer standing under CIPA, much less the UCL, which requires an economic loss (discussed below).

**2. Loss of Value in Information**

The Complaint also fails to allege any facts showing that Plaintiff's data has independent economic value or that any purported loss of value of such data caused him personal economic harm. Courts have consistently rejected the proposition that a loss of value over unpled, nonspecific personal information, without more, can constitute a viable theory of damages. *See e.g.*, *Hubbard*, 2024 WL 3302066, at *9 (granting motion to dismiss and finding no injury alleged where plaintiffs did not allege facts explaining how defendant's collection and use of plaintiffs' information reduced the value of that information). Here, Plaintiff alleges no facts that explain what economic injury he suffered or how Simple Tire caused him to suffer it.

Plaintiff's allegations that data can be monetized or that Simple Tire monetized data collected through the Website, *see* Compl. ¶ 88, are not sufficient to show that Plaintiff himself intended to monetize his device data and was prevented from doing so by Simple Tire. "That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property." *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021) (quoting *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019)). Plaintiff must plead what economic value the alleged transmitted information held *to him* and how that value was lost through Simple Tire's alleged misconduct. *See Low*, 900 F. Supp. 2d at 1032 ("[T]he Amended Complaint fails to allege how either Plaintiff was foreclosed from capitalizing on the value of his personal data."); *see also In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) (a company's gain of value from information is not





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

sufficient to establish a loss of information by plaintiff for purpose of UCL standing) *Shah v. Cap. One Fin. Corp.*, No. 24-cv-05985-TLT, 2025 WL 714252, at *7 (N.D. Cal. Mar. 3, 2025) (for UCL standing, "even if a company made money off of the sharing or use of a plaintiff's information, that company's gain of money does not equal a plaintiff's loss of money or property"). To the contrary, the Complaint indicates that Plaintiff had no interest in selling his data, as he alleges this information is so private and personal that he is somehow injured by third parties knowing it. Without allegations showing a loss of value to Plaintiff, he has not alleged a cognizable injury.

### B. Plaintiff's CIPA Claim Fails as a Matter of Law

#### 1. The Website Does Not Use a "Pen Register" or "Trap and Trace Device"

The alleged third-party "tracking" software on the Website does not constitute a "pen register" and/or "trap and trace device" as a matter of law. Plaintiff advances a grossly expanded definition of a "pen register" and "trap and trace device" well beyond their intended use as an investigatory tool for law enforcement by applying it to a ubiquitous Internet technology. Such a claim must fail.

Plaintiff's application of CIPA's pen register or trap-and-trace device provisions to Simple Tire's routine data collection on the Website is irreconcilable with the text and purpose of CIPA. CIPA is a wiretap statute. It precludes "a person … [from] install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a). The statutory provisions related to securing such a court order make clear that pen registers and trap-and-trace devices apply only to "telephone lines" and not websites on the Internet. Cal. Penal Code §§ 638.52(d)(1)–(3) (requiring that a court order "authorizing or approving the installation and use of a pen register" shall specify, *inter alia*, the "identity, if known, of the person to whom is leased or in whose name is listed the ***telephone line*** to which the pen register … is to be attached" and the "***number*** and, if known, physical





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

location of the ***telephone line*** to which the pen register … device is to be attached[.]") (emphases added). The numerous references to telephones and telephone numbers in Section 638.52 demonstrate that a pen register and/or trap and trace device as used in Section 638.51 apply only to the interception of specific, targeted telephonic communications, and not to IP addresses or other data captured by general website advertising technology. To hold otherwise would lead to absurd results where a party could be held liable for using a pen register or trap and trace device without a court order when an order could never be issued because the technology does not involve a telephone line or number. Because the trackers at issue here do not involve telephonic communications and cannot be connected to a telephone line, a court order could not be obtained, and thus, Section 638.51 does not and cannot apply.

The legislative history of Section 638.51 further confirms that the California Legislature intended the statute to only apply to telephone-tracking technology. The Legislative Counsel's Digest preceding the bill states that A.B. 929 "would clarify that any location information obtained... is limited to the information that can be determined from the telephone number." *See* RJN, Ex. B, Stats. 2015, Ch. 204, Sec. 2. Given that Sections 638.51 and 638.52 were added to the statute only in 2015, when website tracking tools were already commonplace, and the Legislature still chose to use language expressly about "telephone lines," Plaintiff cannot plausibly argue that the Legislature was unaware of IP addresses or other Internet communications when it passed the amendment. Moreover, Section 638.51 took its language directly from the Federal Pen Register Act, which applies only to "devices that are attached to a telephone line." Application of U.S. of Am. For an Order Authorizing Use of a Cellular Tel. Digit. Analyzer, 885 F. Supp. 197, 200 (C.D. Cal. 1995).

Notably, the Ninth Circuit recently has acknowledged that CIPA applies only to communications conducted over telephone wires, and not the Internet. *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *1 (9th Cir. July 9, 2025)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(affirming summary judgment where no evidence the defendant "made an unauthorized connection through a telephone wire"). Although that decision examined eavesdropping claims under Penal Code § 631(a), Judge Bybee's concurrence makes clear that the entire statute was not intended to apply to Internet communications. *Id.* at *2 n.2 (Bybee, J., concurring) (discussing legislative history and preamble of statute). "If the California Legislature wanted to apply [CIPA] to the Internet, it could do so by amending … or adding to CIPA's statutory scheme" as it has done several times before. *Id.* at *3. Until then, Section 638.51 and the definitions in Section 638.50 should be interpreted according to the meaning that is consistent with the rest of the statute.

Likely recognizing this fatal issue, Plaintiff attempts to plead that "CIPA has been interpreted by courts to apply to new technologies where such application does not conflict with the statutory scheme". Compl. ¶ 32. As outlined above, extending CIPA as Plaintiff seeks *would* conflict with the statutory scheme that provides court orders can only be obtained when a telephone line is involved, and none of the cases cited by Plaintiff meaningfully analyzes this requirement or the cross-referenced provisions in Sections 638.52 and 638.53. *See generally Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024); *Mirmalek v. L.A. Times Commc'ns LLC*, No. 24-cv-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024); *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072 (C.D. Cal. 2024). Furthermore, each of Plaintiff's cases suffers from the additional fault that while they relied on the expansive definitions of "pen registers" and "electronic communication" in holding that Section 638.51 could apply to website technology, *see e.g.*, *Greenley*, 684 F. Supp. 3d at 1050 ("The Court cannot ignore the expansive language in the California Legislature's chosen definition."); *Shah*, 754 F. Supp. 3d at 929 (same), they do not examine the legislative history to determine whether their interpretations aligned with legislative intent. Moreover, these cases all predate the finding in *Converse* that CIPA applies only to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

communications conducted over telephone wires. Thus, these cases do not support Plaintiff's allegation that the trackers on Simple Tire's Website are pen registers and/or trap and trace devices.

Moreover, Plaintiff's interpretation of CIPA would criminalize commonplace commercial practices in ways the statute does not demand and the Legislature never intended. In *Licea v. Hickory Farms LLC*, California Superior Court Judge Stephen Pfahler held that "public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting [to] the website, as a violator." No. 23STCV26148, 2024 WL 1698147, at *4 (L.A. Super. Ct. Mar. 13, 2024). "Such a broad based interpretation would potentially disrupt a large swath of internet commerce without further refinement as [to] the precise basis of liability." *Id.* The *Licea* decision is one among a growing number of judges who are declining to extend CIPA in the novel ways that this Plaintiff attempts here. *E.g.*, *Aviles v. LiveRamp, Inc.*, No. 24STCV19869, 2025 WL 487196, at *2–3 (L.A. Super. Ct. Jan. 28, 2025) (website beacon was neither a pen register nor a trap-and-trace device). This Court should reject Plaintiff's invitation to read-in to this criminal statute a *de facto* criminalization of the entire Internet.

**2. Plaintiff Does Not Allege Scienter**

Because CIPA is a criminal statute, Plaintiff must plead scienter. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023) (dismissing CIPA complaint where plaintiff did "not allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid and abet [a third party's] purported CIPA violation."); *see also* Cal. Penal Code § 20 (scienter); *Romero v. Securus Techs., Inc.*, 331 F.R.D. 391, 402 (S.D. Cal. 2018) (scienter is presumed element of criminal statutes). As such, even if the Website would qualify as a pen register, to be liable under Section 638.51, Plaintiff must allege that Simple Tire implemented entirely lawful, third-party "tracking software" *with knowledge and intent* that the third



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

parties would *illegally* collect information about Plaintiff. *See Heiting*, 709 F. Supp. 3d at 1019. But here, Simple Tire's alleged collection of information was legal, routine commercial behavior similar to all kinds of commonplace practices in today's data-rich business world. Simple Tire did not act with a "guilty mind" by collecting and analyzing data sent by Plaintiff's device to the Website. Plaintiff's inability to allege that Simple Tire possessed the requisite scienter is dispositive of this claim and it must be dismissed.

**C. Plaintiff's UCL Claim Fails as a Matter of Law**

As explained in the preceding sections, Plaintiff's UCL claim fails because (1) he has not alleged a "loss of money or property" sufficient to confer statutory standing; and (2) he has not stated a claim under CIPA, which serves as a predicate to the "unlawful" prong of his UCL claim. Plaintiff's UCL claim fails for three additional reasons: first, Plaintiff also fails to state violation of the CCPA as a predicate for the "unlawful" prong; second, Plaintiff does not plead fraud with particularity as required to state a claim under the "fraudulent" prong; and third, Plaintiff has not plausibly alleged any "unfair" conduct.

**1. Plaintiff Fails to Allege a Violation of the CCPA**

Thirty-one pages into the Complaint, Plaintiff alleges for the first time that Simple Tire violated the CCPA, Civ. Code § 1798.100 *et seq.*, by "selling" his personal information "without providing sufficient notice." Compl. ¶ 121(b). Nowhere in the Complaint does Plaintiff explain what is inadequate or noncompliant about the notice Simple Tire gave concerning data collection and sharing. Plaintiff alleges that Simple Tire had a Privacy Policy, Compl. ¶ 13,[1] which Plaintiff alleges is not "clear" enough about Simple Tire's data collection and sharing practices.

Simple Tire's Privacy Policy, which is incorporated by reference in the Complaint, explains in detail what information is collected—including "device and activity information" and "automatically collected information" such as IP address,

[1] *Available at* https://simpletire.com/privacy-policy. *See also* RJN Ex. A.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

browser type and language, and so forth—and how that information is used and shared with partners for the purposes of marketing and advertising. *See* RJN Ex. A. Indeed, there is an entire section on "cookies and web beacons" that explains what cookies are and how users can control their use.

Plaintiff does not point to a single section of the CCPA that he alleges Simple Tire has violated. Such conclusory allegations are insufficient to state a claim under the "unlawful prong" of the UCL.

### 2. Plaintiff Has Not Alleged a Fraudulent Practice

Plaintiff alleges that Simple Tire "has engaged in fraudulent business practices by failing to adequately disclose its data-sharing practices," adding that "on information and belief" Simple Tire "omitted material facts from its privacy policy and/or site interface." Compl. ¶ 124.

In order to state a cause of action under the fraudulent prong of the UCL, a plaintiff must show that members of the public are likely to be deceived. *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000). Heightened pleading requirements under Rule 9(b) apply to UCL claims under the fraud prong. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff's UCL based on the "fraudulent" prong is contained in one paragraph of the Complaint that does not identify *what* facts were omitted from Simple Tire's Privacy Policy, or *who* was deceived by those omissions. Plaintiff does not even

allege he looked at or relied upon the Privacy Policy—he only alleges that he visited the Website one time. *See* Compl. ¶ 16. Plaintiff's threadbare allegations do not put Simple Tire (or anyone) on notice of the nature of the alleged fraudulent conduct. At most, Plaintiff alleges that people *might* be deceived *if* Simple Tire omitted certain unspecified detailed about its data collection practices. That does not satisfy Plaintiff's burden under Federal Rule of Civil Procedure 9(b).

**3. Plaintiff Has Not Alleged an Unfair Practice**

Plaintiff's claim under the "unfair" prong of the UCL overlaps entirely with the business practices addressed in his claims under the "unlawful" and "fraudulent" prongs. Under these circumstances, his "unfair" claim cannot survive. *See Punian v. Gillette Co.*, No. 14-cv-05028-LHK, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (holding that cause of action under the unfair prong of the UCL did not survive where "the cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims" under the FAL, CLRA, and fraudulent prong of the UCL); *In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009), *aff'd*, 464 Fed. App'x 651 (9th Cir. 2011) (dismissing unfair prong UCL cause of action where "plaintiffs' unfair prong claims overlap entirely with their claims of fraud").

There is nothing unfair about Simple Tire's lawful and transparent use of information sent by Plaintiff's device to its Website, collected through commonplace technologies present on nearly every major website. For the same reasons Plaintiff's claims under the "unlawful" and "fraudulent" prongs fail, his claim under the "unfair" must be dismissed as well.

## V. CONCLUSION

For the foregoing reasons, Simple Tire's Motion should be granted and the Complaint should be dismissed in its entirety.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: September 25, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford
Jason A. Orr

*Attorneys for Defendant*
SIMPLE TIRE LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for SIMPLE TIRE LLC, certifies that this brief contains 5,433 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 25, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford
Jason A. Orr

*Attorneys for Defendant*
SIMPLE TIRE LLC