Victoria L. Weatherford (SBN 267499)
**BAKER & HOSTETLER LLP**
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: vweatherford@bakerlaw.com

Jason A. Orr (SBN 301764)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: jorr@bakerlaw.com

*Attorneys for Defendant*
SIMPLE TIRE LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MURPHY MARTINES, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

SIMPLE TIRE LLC, a Pennsylvania limit liability company,

Defendant.

Case No.: 2:25-cv-06703-AB-JC

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

*[Filed concurrently with Defendant's Notice of Motion and Motion to Dismiss; Declaration of Victoria L. Weatherford]*

Date: January 9, 2026
Time: 10:00 a.m.
Judge: Hon. Andre Birotte Jr.
Courtroom: 7B

Action Filed: July 23, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201 and in connection with the concurrently filed Motion to Dismiss, Defendant Simple Tire LLC ("Simple Tire") by and through its undersigned counsel, will, and hereby does, respectfully request that the Court take judicial notice of the following materials in connection with Simple Tire's Motion to Dismiss Plaintiff's First Amended Class Action Complaint:

1. **Exhibit A** to the concurrently filed Declaration of Victoria L. Weatherford ("Weatherford Declaration") is a true and correct copy of Simple Tire's Privacy Policy, effective August 5, 2024. This version is available on Simple Tire's website at https://simpletire.com/privacy-policy. Simple Tire is unaware of any factual dispute as to the authenticity of this document, which is publicly available and is incorporated by reference in Plaintiffs' Complaint. *See* Compl. ¶ 13 (describing Privacy Policy).

2. **Exhibit B** to the Weatherford Declaration is a true and correct copy of the California Assembly Bill No. 929, California 2015–2016 Regular Session, available at https://leginfo.legislature.ca.gov/faces/billPdf.xhtml?bill_id=201520160AB929&version=20150AB92994CHP (last accessed July 21, 2025).

## I. ARGUMENT

Federal Rule of Evidence 201 (b) provides that a judicially noticed fact must be one "not subject to reasonable dispute" because it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be readily questions. Fed. R. Evid. 201(b). Courts have shown a willingness to take judicial notice of privacy policies. "[W]ebsites and their contents may be proper subjects for judicial notice provided that the party submits a copy of the relevant webpage to the court." *Lakes*

*v. Ubisoft, Inc.*, No. 24-cv-06943-TLT, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 2, 2025) (granting judicial notice of documents and screenshots publicly available on defendant's website including its "Privacy Policy, [] Cookies Settings, [] Website Cookies Banner and related screens, as well as screens showing the account creation and purchase process"); *see also D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190 (S.D. Cal. 2024) (in class action by website users against website operator alleging violation of the California Invasion of Privacy Act, court took judicial notice of two versions of website's privacy policy, screenshots of website's homepage and initial cookie disclosure, and screenshots of website's chat feature icon and chat feature initial prompt, holding that existence of privacy policies and webpages were judicially noticeable facts since they appeared on publicly available websites and their authenticity could not be reasonably questioned). Therefore, **Exhibit A** to the Weatherford Declaration is proper because it is a privacy policy that is publicly available and whose authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b)(2).

In ruling on a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *Evans v. McCoy-Harris*, No. CV 17-8345-DMG (AGRx), 2019 WL 1002512, at *1 (C.D. Cal. Jan. 4, 2019) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015). The Court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to plaintiffs' claim and no party questions their authenticity." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing *Marder v. Lipez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)) (taking judicial notice of documents incorporated by reference in plaintiff's operative complain when authenticity not questioned). Furthermore, a court "may take judicial notice of





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

matters of public record without converting a motion to dismiss into a motion for summary judgment." *Evo Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (citing Fed. R. Evid. 201). Accordingly, courts have shown willingness to take judicial notice of California Assembly Bills as "public legislative documents" that are "clearly noticeable." *Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 924 (N.D. Cal. 2024) (granting request for judicial notice); *Little Woods Mobile Villa LLC v. City of Petaluma*, 736 F. Supp. 3d 757, 765 (N.D. Cal. 2024) (same). Courts have also shown willingness to take judicial notice of legislative history reports. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports"); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."). Therefore, judicial notice of **Exhibit B** to the Weatherford Declaration is proper as each document is a public legislative record whose authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b)(2).

## II. CONCLUSION

For the foregoing reasons, Simple Tire respectfully requests that the Court take judicial notice of **Exhibits A–B** attached to the Weatherford Declaration.

Dated: October 30, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford

*Attorneys for Defendant*
SIMPLE TIRE LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO