Victoria L. Weatherford (SBN 267499)
**BAKER & HOSTETLER LLP**
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: vweatherford@bakerlaw.com

Jason A. Orr (SBN 301764)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: jorr@bakerlaw.com

*Attorneys for Defendant*
SIMPLE TIRE LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MURPHY MARTINES, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

SIMPLE TIRE LLC, a Pennsylvania limit liability company,

Defendant.

Case No.: 2:25-cv-06703-AB-JC

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Date: January 9, 2026
Time: 10:00 a.m.
Judge: Hon. Andre Birotte Jr.
Courtroom: 7B

Action Filed: July 23, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1
II. PLAINTIFF LACKS STATUTORY STANDING UNDER CIPTA ..... 1
III. THE TECHNOLOGIES AT ISSUE ARE NOT PEN REGISTERS ..... 7
IV. PLAINTIFF DOES NOT PLEAD SCIENTER ..... 10
V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aviles v. LiveRamp, Inc.*,
No. 24STCV19869, 2025 WL 487196 (L.A. Super. Ct. Jan. 28, 2025) .......... 9

*Bradshaw v. Lowe's Cos., Inc.*,
No. 25-cv-0742, 2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) .......... 3

*DeGeorge v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*,
219 F.3d 930 (9th Cir. 2000) .......... 9

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-cv-05561, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) .......... 9

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 11

*Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*,
330 F.3d 1214 (9th Cir. 2003) .......... 10

*Gabrielli v. Motorola Mobility LLC*,
No. 24-cv-09533, 2025 WL 1939957 (N.D. Cal. July 14, 2025) .......... 5

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) .......... 6

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) .......... 9, 10

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) .......... 4

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) .......... 10, 11

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 1, 2, 5, 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) .......... 11

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 5

*Khamooshi v. Politico LLC*,
No. 24-cv-07836, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) .......... 3, 4, 6

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (L.A. Super. Ct. Mar. 13, 2024) .......... 9

*Mitchener v. CuriosityStream, Inc.*,
No. 25-cv-01471, 2025 WL 2272413 (N.D. Cal. Aug. 6, 2025) .......... 4

*Mitchener v. Talkspace Network LLC*,
No. 2:24-cv-07067, 2025 WL 1822801 (C.D. Cal. June 27, 2025) .......... 4

*Oganyan v. Biolife Plasma Servs. L.P.*,
No. 1:25-cv-00099, 2025 WL 2979619 (E.D. Cal. Oct. 22, 2025) .......... 3, 4

*People v. Hall*,
2 Cal. 5th 494 (2017) .......... 10

*Price v. Converse, Inc.*,
No. 2:24-cv-08091, 2025 WL 3295119 (C.D. Cal. Sept. 30, 2025) .......... 3

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 5

*Robinson v. Shell Oil Co.*,
519 U.S. 337 (1997) .......... 7

*Rodriguez v. Brushfire Records*,
No. 2:25-cv-09797, 2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) .......... 3

*Rodriguez v. Culligan Int'l Co.*,
No.25-cv-00225, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) .......... 3, 4

*Rodriguez v. Fountain9, Inc.*,
No. 24STCV04504, 2024 WL 3886811 (Cal. Super. Ct. July 9, 2024) .......... 3

*Rubin v. Islamic Republic of Iran*,
583 U.S. 202 (2018) .......... 8

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) .......... 2

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) .......... 6

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) .......... 2

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 7

*Wash. v. Cal. City Corr. Ctr.*,
871 F. Supp. 2d 1010 (E.D. Cal. 2012) .......... 10

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) .......... 4

**Statutes**

18 U.S.C. § 3123(b) .......... 8
Cal. Penal Code § 20 .......... 11
Cal. Penal Code § 637.2(a) .......... 6, 7
Cal. Penal Code § 638.50 .......... 1, 7
Cal. Penal Code § 638.51 .......... 8, 10, 11
Cal. Penal Code § 638.51(a) .......... 7
Cal. Penal Code § 638.52 .......... 1, 8
Cal. Penal Code § 638.52(d) .......... 8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Plaintiff's Opposition glosses over, avoids, or ignores that the "weight of authority" underpinning his arguments is shifting decisively against him.

First, the Ninth Circuit's decision in *Popa* on Article III standing, the reasoning of which applies equally to statutory standing under CIPA, rejects each of Plaintiff's theories of injury. Plaintiff's vague allegations of a conspiracy to spy on him through a Website that sells car tires do not include any specific allegations that directly relate to him, his visit to the Website, the information about him that was collected, or what anyone actually did with that information once collected. Alleging that an absent third party *might* have used his information for targeted advertising is a far cry from alleging that Simple Tire caused a concrete injury to Plaintiff akin to intrusion upon seclusion. More than half a dozen district courts have relied on *Popa* to dismiss claims exactly like Plaintiff's for lack of standing, and this Court should do the same.

Second, Plaintiff's interpretation of CIPA is irreconcilable with the text and history of the statute. While Plaintiff relies solely on the broad definition of "pen register" in Section 638.50, this expansive reading of the term conflicts with the procedure set forth in Section 638.52 for obtaining the court order required by Section 638.51. Indeed, in drafting Section 638.52, the Legislature *cut out* language that might have allowed installation of pen registers on systems besides phone lines. CIPA is at least ambiguous on whether pen registers can include website tracking tools, and that ambiguity should be resolved in Simple Tire's favor both by the relevant legislative history and the rule of lenity.

Third, Plaintiff's cause of action under the Penal Code necessarily entails an element of scienter. Plaintiff has not alleged facts showing that requisite scienter, and this alone is fatal to his claim. Plaintiff's FAC should be dismissed with prejudice.

## II. PLAINTIFF LACKS STATUTORY STANDING UNDER CIPA

Plaintiff contends that any conclusion that he has not suffered an injury is "foreclosed by binding precedent," but the only binding decision he relies on is *In re*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020). *See* Opp. at 1, 6. The *In re Facebook* decision held that a violation of the "substantive right to privacy" codified in CIPA is sufficient to confer Article III standing. 956 F.3d at 598. That decision did *not* hold, as Plaintiff suggests in his Opposition, that any violation of CIPA necessarily confers standing. Such a conclusion runs afoul of longstanding Supreme Court precedent. *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 523 (C.D. Cal. 2021) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 491 (2009)) (violation of a statute, standing alone, is not enough to show an injury-in-fact). If a mere violation of a statute were sufficient to confer standing, the Ninth Circuit would have had no reason in *In re Facebook* to closely examine the specific facts and privacy interests alleged in that complaint. *See* 956 F.3d at 598–99. But that is exactly the analysis the court performed when it relied on allegations that Facebook "compile[d]" the plaintiffs' "identifiable browsing history" and collected personal information about the plaintiffs, "no matter how sensitive," including their "employment histories and political and religious affiliations," to conclude that these allegations stated a violation of the substantive privacy rights that CIPA was intended to protect. *See id.*

The Ninth Circuit's decision in *Popa* is controlling, and Plaintiff's reliance on pre-*Popa* district court decisions ignores the chorus of decisions post-*Popa* that find no Article III standing in cases with similar facts to this one. In *Popa*, the plaintiff alleged the same conduct as alleged here: the use of third-party tracking tools that collected "the date a user visited the website, the device the user accessed the website on, the type of browser the user accessed the website on, the operating system of the device used to access the website, the country where the user accessed the website from, a user's mouse movements, a user's screen swipes, text inputted by the user on the website, and how far down a webpage a user scrolls." 153 F.4th 784, 786 (9th Cir. 2025). Plaintiff attempts to distinguish *Popa* on the ground that it involved "session-replay technology" that, if anything, is *more invasive* than what Plaintiff

alleges here. Opp. at 7 (session replay can "recreate website visitor's entire visit to the website"). But in every important respect, this case is no different from *Popa*. For that reason, at least six district courts in just the past few months have relied on *Popa* to dismiss similar claims based on defendants' alleged use of third-party website trackers. *E.g.*, *Rodriguez v. Brushfire Records*, No. 2:25-cv-09797, 2025 WL 3692144, at *7 (C.D. Cal. Dec. 15, 2025); *Bradshaw v. Lowe's Cos., Inc.*, No. 25-cv-0742, 2025 WL 3171740, at *6 (S.D. Cal. Nov. 12, 2025); *Rodriguez v. Culligan Int'l Co.*, No.25-cv-00225, 2025 WL 3064113, at *3–5 (S.D. Cal. Nov. 3, 2025); *Oganyan v. Biolife Plasma Servs. L.P.*, No. 1:25-cv-00099, 2025 WL 2979619, at *3–4 (E.D. Cal. Oct. 22, 2025); *Khamooshi v. Politico LLC*, No. 24-cv-07836, 2025 WL 2822879, at *3–4 (N.D. Cal. Oct. 2, 2025); *Price v. Converse, Inc.*, No. 2:24-cv-08091, 2025 WL 3295119, at *2–3 (C.D. Cal. Sept. 30, 2025). This Court should do the same.

Plaintiff does not allege any facts that could support the infringement of a protected privacy interest. In his Opposition, Plaintiff points to no allegation that identifies a *specific* harm that is *personal to him*. Plaintiff cites only general allegations about what he believes the "tracking technology" *might* be able to do. *See* Opp at 8. Plaintiff contends, for instance, that the trackers are able to "de-anonymize" website visitors. *Id.* at 9. He does *not* allege that Google, or Meta, or Microsoft, or Fullstory "de-anonymized" him, much less that Simple Tire did. *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 3886811, at *4 (Cal. Super. Ct. July 9, 2024) (dismissing CIPA complaint where "Plaintiff alleges Defendant's non-party software developer, not Defendant, packages and sells the information … to third parties for advertising and marketing purposes."). Similarly, Plaintiff argues that the trackers could be used to sell his information to advertisers. Opp. at 13. He does *not* allege that his information was sold, or to whom, or how the information involved in that sale violated his privacy. He does not even allege what information from his specific devices was collected by any of the trackers, making it impossible to





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

determine whether such information was private or sensitive—unlikely, given that the Website he alleges he visited just sells car tires. This absence of specific allegations about what information *of his* was collected is fatal to his claim. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) ("[P]laintiffs must … show that they personally have been injured."); *Oganyan*, 2025 WL 2979619, at *4 (dismissing CIPA claim where plaintiffs "allege [only] that the third-party trackers have the *capability* to use these pieces of information … [but] do not allege that defendants themselves took any such actions" (emphasis in original).

Even assuming that the general categories of device information identified in the FAC were gathered from Plaintiff's device when he visited the Website, he has no protected privacy interest in that information. "Courts have consistently held that internet users have no expectation of privacy in their IP addresses." *Rodriguez v. Culligan Int'l*, 2025 WL 3064113, at *4. Courts also hold that users have no expectation of privacy in the other data the trackers allegedly collected, information that was "designed to be exchanged to facilitate communication." *Id.* at *5 (citing *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022); *see also Mitchener v. CuriosityStream, Inc.*, No. 25-cv-01471, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) (no expectation of privacy in metadata); *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) (no expectation of privacy in information that a device "automatically send[s] … to the website"); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020) (no expectation of privacy in imprecise "location data" inferred from IP addresses). Plaintiff has not alleged the collection of any information that could give rise to a privacy injury.

None of Plaintiff's cited authorities compels a different result. Plaintiff cites *Mitchener v. Talkspace Network LLC*, No. 2:24-cv-07067, 2025 WL 1822801 (C.D. Cal. June 27, 2025), which *held that the plaintiff lacked standing* because she did "not identify what personal information of [hers], if any, was captured by the TikTok Cookie" and therefore had "not sufficiently alleged the collection or disclosure of





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

any of personal information that would violate a protectable privacy interest." *Id.* at *8. While the *Mitchener* court discussed, citing *In re Facebook*, that a plaintiff *could* allege facts supporting standing where a cookie collected a plaintiff's "likes, dislikes, interests, and habits," the court found that there were no such allegations in that complaint. *Id.* at *7–8. Likewise here, Plaintiff does not allege tracking of his "likes, dislikes, interests, and habits"; he alleges that Simple Tire tracked his screen resolution and IP address, among other similarly benign metrics that are incidental to any web browsing session. *See* Compl. ¶¶ 35–36. Under *Popa*, this type of tracking does not give rise to a cognizable privacy harm. Plaintiff's reliance on *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075 (N.D. Cal. 2025), is also misplaced. In that case, the court found that the plaintiffs had alleged the violation of a protected privacy interest where the defendant allegedly tracked "people with cancer, union members, Muslims, Jewish people, African Americans, poor people, payday loan prospects, online gamblers, unemployed individuals who were 'seen at clinics/hospitals' and users of the LGBT dating app Grindr." *Id.* at 1087. Under those allegations, the court found that the plaintiffs had alleged tracking of "an individual's personal interests, searches, and habits on third-party websites," which was similar to the conduct alleged *In re Facebook*. *Id.* That is, the court relied on concrete allegations about how the information collected was private and harmful if disclosed—exactly the type of allegations missing in the FAC. The other cases Plaintiff cites are likewise distinguishable because they involved a qualitatively different form of tracking than is alleged here, and if they can be read to reach a different result from *Popa*, they have been abrogated by that Ninth Circuit ruling. *See Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533, 2025 WL 1939957, at *6 (N.D. Cal. July 14, 2025) (plaintiff alleged that defendant collected, *inter alia*, "interests and preferences, [and] shopping behaviors"); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 940 (N.D. Cal. 2023) (plaintiff alleged "financial,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

dignitary, reputational, and relational harms" from the collection of the "intimate details of [their] lives").

In his Opposition, Plaintiff pivots from the "misappropriation-like injury" alleged in the FAC to something like a claim of unjust enrichment. Opp. at 12–13. Unjust enrichment is not a cause of action in the FAC, nor is it available as damages under CIPA. *See* Cal. Penal Code § 637.2(a) (providing for statutory or treble damages but not equitable relief). Regardless, Plaintiff's theory of misappropriation or unjust enrichment does not describe harm *to him*. Plaintiff contends that Simple Tire benefited from the alleged data collection, but he does not explain how that resulted in a personal loss that he experienced. *See Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1048 (N.D. Cal. 2025) ("Plaintiffs also cannot make an argument that the profit Defendant made as a result of disclosing Plaintiffs' data is sufficient to demonstrate a loss."). Plaintiff's citations to (i) *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), and (ii) *In re Facebook* do not support his case; both decisions addressed Article III standing, not statutory standing under CIPA's requirement that a plaintiff be "injured by" a violation in order to have a private right of action. 684 F. Supp. 3d at 1038; 956 F.3d at 600. Unjust enrichment, by itself, is not an injury to Plaintiff for purposes of statutory standing under CIPA, even if under different circumstances it could support Article III standing. *See Khamooshi*, 786 F. Supp. 3d at 1183 (no Article III standing based on unjust enrichment when no allegations showed how defendant's collection of IP address, in which plaintiff had no protected privacy interest, was "unjust"). And in any event, the "broad theory" of injury advanced by Plaintiff was rejected by the Ninth Circuit in *Popa* in the context of Article III standing. *See* 153 F.4th at 792.

Plaintiff's argument that CIPA "speaks for itself," in that it does not require actual damages to support a private right of action, is also unavailing. Opp. at 4–5. To the extent Plaintiff argues that statutory damages are sufficient to show an "injury," this reasoning is circular and unsupported by the statute: an individual is



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

entitled to statutory damages only if he is first "injured by" the violation. *See* Cal. Penal Code § 637.2(a). To the extent that Plaintiff argues that CIPA does not require actual damages, and therefore any alleged privacy harm is sufficient to show that he was "injured by" the alleged violation of the statute, that position is inconsistent with the Ninth Circuit's reasoning in *Popa* and the Supreme Court's holding in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). Under both of those decisions, a privacy harm for purposes of standing must reflect "the key elements that shape the harm proscribed by the common-law tort of defamation." *Popa*, 153 F.4th at 792 (citing *TransUnion*, 594 U.S. at 425). As argued above and in Simple Tire's Motion, Plaintiff has not alleged any privacy harm that has the hallmarks of a common law claim for invasion of privacy, such as reputational harms or disclosure of private information that is "highly offensive" to a reasonable person if disclosed. As the Ninth Circuit recognized in *Popa*, there is "no free-roaming privacy right at common law but rather four discrete torts that protected specific kinds of privacy-related harms." *Id.* And here, as in *Popa*, Plaintiff "has not identified a harm that []he experienced that is remotely similar to those protected by these torts." *Id.*

## III. THE TECHNOLOGIES AT ISSUE ARE NOT PEN REGISTERS

Plaintiff contends that the "plain meaning" of the broad language in Penal Code Section 638.50, which defines "pen register," is dispositive of whether that language can reasonably be interpreted to apply to website cookies. Opp. at 14. But whether the meaning of a statute is plain "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

The context in which the term "pen register" is used, and the broader context of the CIPA statute as a whole, make it impossible to understand "pen register" as applying to website cookies. "Pen register" is defined in Section 638.50 solely to describe what it is that cannot be used without a court order, as provided under Section 638.51(a). *See* Cal. Penal Code § 638.51(a) (prohibiting "a person … [from]





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order."). And as is made clear in Section 638.52(d), a court order is obtained only after listing for the court "the telephone line to which the pen register … is to be attached." *Id.* §§ 638.52(d)(1)–(3). Notwithstanding the broad language used in Section 638.50 to define a pen register, the statute only prohibits the use of pen registers that are "attached" to a "telephone line" without first obtaining a court order. Whether this Court reads this as limiting the definition of "pen register" itself or as limiting the types of pen registers that are prohibited under CIPA, this Court must give effect to the California Legislature's court order requirement including the words "telephone line." *Rubin v. Islamic Republic of Iran*, 583 U.S. 202, 213 (2018) ("[O]ne of the most basic interpretive canons" is that a statute "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."). Plaintiff's urging that this Court read CIPA to "evolve" with technological developments, Opp. at 1, must be rejected where such a reading directly contradicts the statutory text.

Plaintiff does not respond at all to Simple Tire's argument based on the legislative history of Section 638.51, which provides additional support for a narrower reading of the term "pen register." *See* Mot. at 16–17. The legislative history does not even hint at any contemplated application of Section 638.51 to website cookies, even though this section was added in 2015 when website cookies were already commonplace. *See id.* And although the Federal Pen Register Act—on which Section 638.51 is based—included language that permitted the application of pen registers beyond telephone lines, the Legislature intentionally *removed* that language. *Compare* 18 U.S.C. § 3123(b) (court order must specify the "telephone line *or other facility* to which the pen register … is to be attached *or applied*" (emphasis added)); *with* Cal. Penal Code § 638.52 (court order must specify the "telephone line to which the pen register … is to be attached"). To the extent there is

any ambiguity in the statutory text, the relevant legislative history resolves that ambiguity in favor of a more limited scope.

Plaintiff also does not address Simple Tire's argument based on the rule of lenity. At minimum, Simple Tire has shown an ambiguity in the structure of CIPA related to the application of the pen register requirements to website trackers. Any such ambiguity in a criminal statute must be resolved in the defendant's favor. *See* Mot. at 19–20; *Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561, 2025 WL 2971090, at *6 (N.D. Cal. Oct. 17, 2025) (applying rule of lenity to ambiguous application of CIPA to website tracking technology).

Plaintiff does not deny that a panel of the Ninth Circuit Court of Appeals in *Gutierrez v. Converse Inc.*, recently issued a decision that supports Simple Tire's reading of CIPA. *See* No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025). Nor does he deny that multiple California Superior Court judges have rejected his expansive reading of the statute. *See Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (L.A. Super. Ct. Mar. 13, 2024); *Aviles v. LiveRamp, Inc.*, No. 24STCV19869, 2025 WL 487196, at *2–3 (L.A. Super. Ct. Jan. 28, 2025). He simply encourages this Court to ignore those decisions in favor of the ones that support his position. But *Gutierrez*, and Judge Bybee's concurrence in particular, is the most recent guidance from the Ninth Circuit on how to read CIPA. It may not be binding here, but *Gutierrez* if nothing else highlights that Plaintiff's broad reading of the statute is not obviously correct, and the "plain text" of Section 638.50 may be ambiguous. Such ambiguity invites the analysis of legislative history that the Ninth Circuit relied on in *Gutierrez* and the Superior Court performed in *Licea*. *See DeGeorge v. U.S. Dist. Ct. for the Cent. Dist. Of Cal.*, 219 F.3d 930, 936 (9th Cir. 2000) ("If the statute is ambiguous … courts may look to its legislative history for evidence of congressional intent."). Such ambiguity also invokes the rule of lenity, under which the requirements imposed by the statute should be read narrowly.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

To the extent Plaintiff argues that federal district court decisions interpreting a state's laws are somehow *more* persuasive than state court decisions interpreting their own state laws, *see* Opp. at 16 n.2, that position is not supported by any of his cited authorities. In particular, the California Rules of Court do not apply to this Court, and Plaintiff's suggestion that Simple Tire's citation of these authorities is sanctionable is nonsense. *See* Opp. at 12. Federal courts "may consider unpublished state decisions, even though such opinions have no precedential value." *Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003). While these opinions are "certainly not dispositive of how the California Supreme Court would rule," they may "lend[] support" to the contention that they "accurately represent[] California law." *Id.*; *see also Wash. v. Cal. City Corr. Ctr.*, 871 F. Supp. 2d 1010, 1028 n.3 (E.D. Cal. 2012) ("The Court may cite unpublished California appellate decisions as persuasive authority.").

The term "pen register" should be afforded its commonsense meaning within the context of the statutory scheme and its legislative history. Section 638.51 does not apply to website cookies and the Legislature acting in 2015 never intended it to. *See Gutierrez*, 2025 WL 1895315, at *3 ("If the California Legislature wanted to apply [CIPA] to the Internet, it could do so by amending … or adding to CIPA's statutory scheme."). Plaintiff's CIPA claim should be dismissed with prejudice.

## IV. PLAINTIFF DOES NOT PLEAD SCIENTER

Plaintiff has accused Simple Tire of a violation of California's Penal Code, but he argues there is no scienter requirement because Section 638.51 does not expressly mention any mental state as part of its proscriptions. Opp. at 17–18. Plaintiff's position gets the law exactly backwards: "courts construe criminal statutes against the backdrop of the common law presumption that scienter is required and imply the requisite mental state, even where the statute is silent." *People v. Hall*, 2 Cal. 5th 494, 501 (2017); *cf. also Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023) (interpreting CIPA to require scienter in aiding and abetting claim).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Moreover, California Penal Code § 20 provides that "[i]n every crime or public offence there must exist a union … of act and intent, or criminal negligence." Scienter is therefore a requirement of any claim brought under Section 638.51.

Plaintiff has not alleged the requisite intentionality or guilty mind on Simple Tire's part, nor can such a mental state be inferred from the allegations of the FAC. Plaintiff's reliance on *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023), is misplaced. In that case, there were allegations that Meta intended to intercept communications through code that *it wrote* and supplied to third-parties for use on their websites. *See id.* at 1076. Simple Tire did not create the technologies at issue; it simply uses them on its website for its own legitimate business purposes. Plaintiff's citation to *James v. Walt Disney Co.*, 701 F. Supp. 3d 942 (N.D. Cal. 2023), is also inapposite. In *James*, the Court inferred Disney's intent for its communications to be intercepted by Oracle from the existence of a contract between the two companies that allegedly provided for such interception. *Id.* at 954. There is no contract alleged in the FAC. Nor is there any interception claim here. All the FAC says is that Simple Tire uses some of the most popular third-party website tools, which provide analytics and marketing insights in the aggregate from information that devices send to Simple Tire when accessing its Website. *See* FAC ¶¶ 5–6. This is not enough to infer any intent on Simple Tire's part for these third parties to violate Plaintiff's privacy or to collect any information from Plaintiff in an unlawful manner.

As a backstop, Plaintiff argues that this Court cannot consider the lack of scienter allegations because it is a "question of fact." Opp. at 18. However, where scienter is an element of the cause of action, as it is here, it is proper to dismiss an action where the plaintiff has failed to plead facts that plausibly allege that element. *See, e.g.*, *Heiting*, 709 F. Supp. 3d at 1019 (dismissing CIPA complaint where plaintiff did "not allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid and abet [a third party's] purported CIPA violation."). This Court should do so here.

## V. CONCLUSION

Simple Tire's Motion should be granted and the FAC should be dismissed in its entirety with prejudice.

Dated: December 26, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford
Jason A. Orr

*Attorneys for Defendant*
SIMPLE TIRE LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for SIMPLE TIRE LLC, certifies that this brief contains 4,026 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 26, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Victoria L. Weatherford*
Victoria L. Weatherford
Jason A. Orr

*Attorneys for Defendant*
SIMPLE TIRE LLC